WEIMER, J.,
concurs.
|TI agree for the most part with the reasoning and analysis of the majority opinion, but write separately to express my reservations about language in the opinion that is not central to its holding and may have the effect of eviscerating La. C.E. art. 804(B)(6)’s residual exception. Particularly, I am concerned with the majority’s suggestion that “arguably,” the residual exception should not be used to admit testimony that falls within another exception, but fails to meet the requirements of that exception. Op. at 367-68, citing 19 MaRAISt, Louisiana Civil Law *372 Treatise: Evidence and Proof, § 10.12, p. 259 n. 4.
The residual exception “is designed to take care of the rare situation where in a civil case the declarant of a trustworthy out-of-court hearsay statement is unavailable, but the out-of-court statement does not fit neatly within any of the categorical exceptions provided in [La. C.E.] Articles 803 and 804(B)(1) to (5), nor within any hearsay exception otherwise provided by the Legislature.” Pugh Force, Rault & Triche, Handbook on Louisiana Evidence law, p. 707 (2010). In other words, the exception is intended to avert the necessity (and impossibility) of having to pigeonhole every situation into a neat category of exception where the element of trustworthiness that lies at the heart of every hearsay exception is otherwise met. While there is no question but that the Louisiana legislature intended to make the residual exception narrower than its federal counterpart, the ^majority’s suggestion that the exception cannot be applied to a situation that might nominally fall under a recognized exception to the hearsay rule when the requirements of general unavailability and trustworthiness are otherwise met, in my view, unduly subverts and “emasculates” the residual exception.